ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| JUAN R. SEQUEIRA LÓPEZ DE VICTORIA<br><br>PETICIONARIOS<br><br>v.<br><br>PONCE HEALTH SCIENCE UNIVERSITY<br><br>RECURRIDOS | KLCE202400180 | *Certiorari p*rocedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Número: PO2024CV00309<br><br>Sobre: Sentencia declaratoria, Derechos civiles, Interdicto preliminar, sumario y permanente |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Ortiz Flores, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de febrero de 2024.

Juan R. Sequira López de Victoria comparece ante este Tribunal de Apelaciones mediante el recurso de *certiorari* en el que solicita la revisión de una *Orden* emitida y notificada el 7 de febrero de 2024. Por medio de este mandato, el foro de instancia ordenó la celebración de una vista de *injunction* para el 22 de febrero de 2024.

Por los fundamentos a continuación denegamos la expedición del recurso discrecional de autos.

**I.**

El 6 de febrero de 2024, el peticionario presentó una *Demanda sobre sentencia declaratoria y petición de interdicto* en la que sostuvo que era estudiante de medicina en la Ponce Health Science University, donde hasta el momento había aprobado los cursos del primer semestre de primer año de estudios. Explicó que entre los documentos para su admisión se le requirió mostrar evidencia de recibir algunas vacunas. Entregó su exoneración religiosa, sin embargo, le indicaron que debía mostrar evidencia de haber recibido la vacuna del COVID-19. Sostuvo que le informaron que debió presentar una exoneración médica, y así lo hizo. No

obstante, la parte recurrida le indicó que era requisito de matrícula la vacunación contra el COVID-19 y la vacuna anual contra la influenza.

Reclamó que el 15 de diciembre de 2023 se le notificó la denegatoria de su exoneración médica. Además, el 18 de diciembre le notificaron que el comité médico entendió que no cumplía los requisitos establecidos para la excepción de inmunización. Así las cosas, adujo que el 22 de diciembre le informaron que le darían de baja de la escuela de medicina. Este solicitó reconsideración de dicha determinación, no obstante, el 30 de enero de 2024 le denegaron su revisión.

Asimismo, el 6 de febrero de 2024, presentó junto a su demanda una *Solicitud de interdicto sumario, preliminar, y permanente*. Por medio de esta solicitó que el Tribunal de Primera Instancia emitiera un interdicto sumario para permitir el retorno a sus clases y que se citara una vista de *injunction* preliminar para su concesión. El 7 de febrero de 2024 el Tribunal de Primera Instancia dictó *Orden* por la cual citó a las partes a comparecer mediante videoconferencia a la vista de *injution* el 22 de febrero de 2024.

Inconforme con el dictamen, el peticionario presentó *Moción urgente en reconsideración* en la que adujo que el foro de instancia denegó su petición de interdicto provisional, despojándole la posibilidad de culminar su año académico. Sostuvo que era inminente que pudiera perder el semestre de estudios si el Tribunal no le ordenaba a la parte recurrida que este reanudara sus estudios. El 8 de febrero de 2024, el foro de instancia determinó: "No ha lugar, por el momento. Se discutirá en la Vista pautada".

Así las cosas, el 12 de febrero de 2024, el peticionario presentó el recurso de *certiorari* de autos. Por medio de este adujo que: "Erró el TPI al no emitir la orden de interdicto provisional para salvaguardar los derechos del recurrente y que el mismo no sufra un daño irreparable". Por otro lado, concedimos hasta el 20 de febrero de 2024 para que la parte recurrida mostrara causa por la cual no debía expedirse el *certiorari*. Transcurrido dicho término sin su comparecencia, resolvemos.

**II.**

**A.**

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Se trata de un recurso caracterizado principalmente por la discreción encomendada al tribunal revisor para decidir si debe expedir o denegar el auto. *Id.* Al respecto, los recursos de *certiorari* sobre resoluciones postsentencia deben evaluarse bajo los parámetros establecidos en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, y la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40). La Regla 52.1 de Procedimiento Civil, *supra*, dispone que de ordinario no proceden los recursos de *certiorari* para revisar resolución y órdenes interlocutorias salvo que se trate de la revisión de ordenes bajo las Reglas 56 o 57.

Como es sabido, debido a que la discreción judicial no opera en el vacío, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011), la Regla 40 esboza los criterios que este tribunal revisor debe considerar al determinar la expedición o denegación de un auto de *certiorari*. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es decir, estamos obligados a evaluar "tanto la *corrección de la decisión recurrida*[,] *así como la etapa del procedimiento en que es presentada*; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio." *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), que cita a *Negrón v. Srio. de Justicia*, 154 DPR 79, 97 (2001). Asimismo, se ha resuelto que "los tribunales apelativos no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**B.**

El entredicho provisional, el *injunction* preliminar y permanente son recursos extraordinarios o mandamientos judiciales escritos mediante los que "se requiere a una persona para que se abstenga de hacer, o de permitir que se haga por otras bajo su intervención, determinada cosa que infrinja o perjudique el derecho de otra". Cód. Enj. Civ. de PR, Art. 675, 32 LPRA sec. 3421. Las Reglas 57.1 a 57.3 de Procedimiento Civil, *supra*, regulan los aludidos recursos. En específico, la Regla 57.3, *supra*, dispone los criterios a considerar al atender un entredicho y un *injunction* preliminar; a saber: (a) la naturaleza del daño a que está expuesto la parte peticionaria; (b) la irreparabilidad del daño o la inexistencia de un remedio adecuado en ley; (c) la probabilidad de que la parte promovente prevalezca; (d) la probabilidad de que la causa se torne en académica; (e) el impacto sobre el interés público del remedio que se solicita; y (f) la diligencia y la buena fe con que ha obrado la parte peticionaria. *Id*. En cuanto al criterio de *daño*

*irreparable*, el Tribunal Supremo ha opinado que se refiere a un agravio de patente intensidad al derecho de la persona que es necesaria con urgencia la intervención del foro judicial. *VDE Corporation v. F & R Contractors*, 180 DPR 21, 40 (2010).

**III.**

El peticionario mediante el recurso ante nuestra consideración aduce que el Tribunal de Primera Instancia debió ordenar el interdicto provisional para evitar que sufriera un daño irreparable. Particularizó que, aunque el foro primario fijó una vista de *injunction* para el 22 de febrero de 2024, esté erró al no imponer el entredicho provisional solicitado para permitirle continuar sus estudios universitarios. Adujo que mientras transcurriera el tiempo sin su inserción en los estudios sufriría el daño irreparable de perder el semestre académico en curso.

En el caso ante nuestra consideración nos encontramos ante uno de los escenarios contemplados por la Regla 52.1 de Procedimiento Civil para la presentación de un recurso de *certiorari* ante este Tribunal de Apelaciones. Sin embargo, respecto a los criterios provistos por la Regla 40 del Reglamento del Tribunal de Apelaciones no encontramos que la determinacion del TPI sea contraria a derecho, ni que este haya errado en la interpretación o aplicación de una norma procesal. Tampoco que haya incurrido en abuso de discreción, ni que haya actuado bajo prejuicio o parcialidad que acarree un fracaso de la justicia.

Así las cosas, estimamos que el foro recurrido no incurrió en error alguno. No se encuentran presentes los criterios que justifican la concesión de este remedio extraordinario, más aún ante la proximidad de la vista calendarizada.

**IV.**

Por los fundamentos anteriores, denegamos la expedición del auto de *certiorari*.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones